IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

FEB 1 4 2005

Michael N. Milby, Clerk

| | |
|---|---|
| ARTHUR LEVERTON, #144950 § | |
| § | |
| V. § | CIVIL ACTION NO. G-04-628 |
| § | |
| CORRECTIONAL MEDICAL SERVICES § | |

### REPORT AND RECOMMENDATION

Plaintiff Arthur Leverton, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff paid the full filing fee and seeks a Court ordered referral from the Galveston County Jail to the hospital for a knee consultation. The particularity with which Plaintiff has pleaded his claim makes it unnecessary, in this Court's opinion, to afford Plaintiff the customary opportunity to replead. A complaint which alleges sufficient facts to support its conclusions and maintain a cause of action, when viewed under the individual circumstances of the complaint, is adequate in demonstrating that a Plaintiff has pleaded his best case. *Jacquez v. Procunier*, 801 F.2d 789, 792-93, (5th Cir. 1986). Having considered Plaintiff's complaint, this Court makes the following recommendation to the District Judge.

28 U.S.C. § 1915A of the Prison Litigation Reform Act of 1996 directs the Court to conduct an initial review of a civil action by a prisoner seeking relief from a governmental entity or employee, in order to identify cognizable claims or dismiss the complaint if satisfied that it is frivolous or malicious. 28 U.S.C. 1915A(b)(1). This requirement

applies to **all** prisoner litigants, whether they are proceeding *in forma pauperis*, or not. A claim may be dismissed for being frivolous if the claim has no realistic chance of ultimate success, or has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination whether an action is frivolous or malicious may, if feasible, be made prior to docketing; therefore, such claims are dismissible *sua sponte* prior to service even though Plaintiff pays the appropriate fee, under Section 1915A.

A Plaintiff proceeding pursuant to Section 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a person acting under color of state law. *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986). Plaintiff filed the instant lawsuit seeking injunctive relief for complaints related to a painfully worn hip due to degenerative joint disease; he requests that the Court order his transfer from the Galveston County Jail to a free-world medical facility for proper treatment.

On February 8, 2005, the Court received notice from Plaintiff that he had been released from jail. Inasmuch as Plaintiff is no longer incarcerated, his request for injunctive relief is moot. *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988). Because mootness removes a federal court's authority to adjudicate, this Court lacks subject matter

jurisdiction over Plaintiff's claims. *See Savidge v. Fincannon*, 836 F.2d 898, 904 (5th Cir. 1988).

Accordingly, for the foregoing reasons, it is the **RECOMMENDATION** of this Court that the claims of Arthur Leverton be dismissed for lack of subject matter jurisdiction.

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff by the means in place for transmission of same. The Plaintiff shall have until **March 2, 2005,** in which to have written objections **physically on file** in the Office of the Clerk. <u>The objections shall be mailed to the Clerk's Office, P.O. Drawer 2300, Galveston, Texas 77553</u>. Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the 14th day of February, 2005.

JOHN R. FROESCHNER
UNITED STATES MAGISTRATE JUDGE